**FILED**
APR 23 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-711 |
| ) | |
| JUDGE JOHN MOTT, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff brings this action against John Mott, an Associate Judge of the Superior Court of the District of Columbia to whom plaintiff's case in the Small Claims Branch was assigned. He alleges that the defendant has "deprived him of his due process rights" by failing to enter summary judgment in his favor, refusing to compel responses to interrogatories, and "refus[ing] to step down after a motion of bias." Compl. at 5. Plaintiff demands "compensatory damages of $350,000.00 and punitive damages of $350,000.00 to deter and punish [Judge Mott] for [the alleged] deprivation of [plaintiff's] due process rights." *Id.*

The Court cannot grant the relief plaintiff seeks without reviewing the rulings of a Superior Court judge, and this Court has no authority to do so. *See, e.g., Chen v. Raz,* 172 F.3d 918 (D.C. Cir. 1999) (per curiam) (affirming dismissal of complaint seeking review of Superior Court's decision in probate matter for lack of subject matter jurisdiction); *In re Richardson,* 83 F.3d 1513, 1515 (D.C. Cir. 1996) (approving application of *Rooker-Feldman* doctrine to

decisions of lower state courts, such as the Superior Court of the District of Columbia); *Mooreman v. U.S. Bank, N.A.*, No. 10-1219, 2010 WL 2884661, at *1 (D.D.C. July 10, 2010) ("This court does not have jurisdiction to review of orders issued by the Superior Court of the District of Columbia, and, in the interests of comity, will not intervene in a case pending before the Superior Court."). Nor can plaintiff's claim for damages succeed because Judge Mott enjoys absolute judicial immunity from suit. *See, e.g., Mirales v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages.")

The Court will dismiss this action for lack of subject matter jurisdiction. An Order is issued separately.

DATE: 7 April 2014

Rosemary M Collyer
United States District Judge